IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RYAN-WILLIAM MILBECK,

                                        Plaintiff,                    OPINION AND ORDER

        v.                                                                  23-cv-525-wmc

ALISON GEORGE, ALEXANDER
SANCHEZ, MAGARET M. DREES,
KENOSHA COUNTY SHERIFF'S
DEPARTMENT, ROTHSCHILD
OFFICER 1, ROTHSCHILD OFFICER 2,
JEREMY P. HUNT, VILLAGE OF
ROTHSCHILD, NEIL W. PAULSEN,
and JAMES J. CAMPBELL,

                                        Defendants.

Plaintiff Ryan-William Milbeck is proceeding without representation on claims arising out of his 2020 arrest and prosecution for felony stalking. (Dkt. #10.) Defendants have filed a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service.[1]  (Dkt. #13.)  Specifically, defendants claim that Milbeck has improperly attempted to serve them via certified mail contrary to the applicable service statutes, including Rules 4(e)(1) and (j)(2)(B) and Wis. Stat. § 801.11(4).  For the following reasons, the court will deny defendants' motion to dismiss and allow Milbeck a final opportunity to properly serve defendants.[2]

---

[1] All defendants except Margaret Drees have entered an appearance.

[2] Milbeck moves to amend the complaint by identifying the two Doe Rothschild police officers and for summonses.  (Dkt. #18.)  Because the court will allow Milbeck another opportunity to properly serve defendants and will extend his deadline to do so, the court will grant his motion.

OPINION

Plaintiff filed an amended complaint on February 1, 2024, and he names multiple individuals, the Village of Rothschild and the Kenosha County Sheriff's Department as defendants.  Because plaintiff does not qualify for indigent status, 28 U.S.C. § 1915(d) does not require that the court accomplish service on plaintiff's behalf -- it is his responsibility to serve defendants following a method approved under Rule 4.  The court issued summonses as to all defendants and mailed them to plaintiff for service on February 12, 2024.  (Dkt. #11.)  The court also included waiver forms and procedures for serving a complaint in a federal lawsuit that did *not* include certified mail as an acceptable means of service.  (Dkt. #11-8.)

Relevant here, Rule 4(e) provides that the service of an individual may be accomplished consistent with state law for service within the state where the district court is located, or delivering a copy to an individual personally, leaving a copy at the individual's abode with a person of "suitable age and discretion," or delivering a copy to the individual's authorized agent.  As for the Village and County defendants, Rule 4(j)(2) requires service either on the organization's chief executive officer or in a manner prescribed by state law for serving such an organization.

Similarly, Wisconsin law requires personal service through actual hand delivery rather than reliance on the United States Mail.  *Bergstrom v. Polk Cnty*, 2011 WI App 20, ¶¶ 2-5, 331 Wis. 2d 678, 795 N.W.2d.  The summons and complaint may be personally served on an individual, or service may be accomplished by leaving the summons and complaint at the individual's "usual place of abode."  Wis. Stat. § 801.11(a)-(b).  A political

2

corporation may be served by personally serving a specified officer, director or agent, such as the president or clerk of a village, or "the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Wis. Stat. § 801.11(4)(a), (4)(b).

Plaintiff asserts that he served defendants via certified mail, except for personal service on defendants Jeremy P. Hunt and the Village of Rothschild via its authorized agent, Elizabeth Falkner. (Dkt. #11-5 at 2.) Defendants admit that Hunt and the Village have been served.[3] (Dkt. #24 at 1.) As for the remaining defendants, service via certified mail is not sufficient under any of the applicable service statutes described above. Although plaintiff argues otherwise in reliance on 28 U.S.C. § 1391(e)(2), which allows for delivery by certified mail on defendants "beyond the territorial limits of" the district court where the action is brought, that statute applies only to lawsuits in which the defendant is an officer or employee of the United States. The statute is therefore not applicable here.

Nor is *Ott v. City of Milwaukee*, 682 F.3d 552 (7th Cir. 2012), a case plaintiff cites for the proposition that service by certified mail is proper. That case concerned the service of subpoenas under Rule 45, and the court of appeals distinguished Rule 45 from Rule 4 by noting that the latter contained explicit language specifying personal service for a summons. *Id.* at 557.

Milbeck has not shown proper service on any defendant except for Hunt and the Village of Rothschild, so he must serve them to bring them into this lawsuit. The problem

---

[3] These two defendants have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. #24.) The court will address that motion in a separate order.

is that the 90-day time limit for service of the amended complaint on defendants expires on May 1, 2024, under Federal Rule of Civil Procedure 4(m). But as noted, Milbeck is proceeding without representation, and has made sincere efforts to attempt to serve defendants, so the court will allow him another, final opportunity to properly serve defendants rather than dismiss this case outright. And defendants, except perhaps for Margaret Drees, who has yet to enter an appearance or otherwise indicate that she has received any notice of this lawsuit, have actual notice of the lawsuit, and would not be unfairly prejudiced by an extension to this deadline. The court will therefore give Milbeck an additional 45 days to serve all defendants except Hunt and the Village of Rothschild with the amended complaint (dkt. #10) and the notice of identification of the two Rothschild officers (dkt. #18). *See Bahena v. Jefferson Cap. Sys., LLC*, No. 17-cv-461-jdp, 2018 WL 2464485, at *4 (W.D. Wis. June 1, 2018) ("Even in the absence of good cause, the court has discretion to extend the deadline" to effect service). The court draws Milbeck's attention to the requirements for service discussed in the procedural materials he received from this court and that the court will resend him as a courtesy, and in this order, as well as those in Rule 4, including the requirement to file "proof of service" through the "server's affidavit." *See* Fed. R. Civ. P. 4(l)(1). **If plaintiff fails to meet the deadline indicated below, the court may dismiss the unserved defendants.**

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss for defective service (dkt. #13) is DENIED.

2) Plaintiff's motion to identify the two defendant Rothschild officers and for summons (dkt. #18) is GRANTED.  The clerk's office is directed to amend the caption by substituting Matthew P. Loveless and Andrew M. Schroeder for Rothschild Officer 1 and Rothschild Officer 2 respectively.

3) The clerk's office is directed to issue summons for all defendants except Hunt and the Village of Rothschild and to mail them to plaintiff for service along with a courtesy copy of waiver forms and procedures for serving the amended complaint (dkt. #10) and notice of identification (dkt. #18).  **Plaintiff may have until June 18, 2024, to properly serve these defendants in accordance with the relevant federal rules**.

Entered this 2nd day of May, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5