IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN WILLIAM MILBECK,

Plaintiff, ORDER

v. 23-cv-525-wmc

ALLISON GEORGE, ALEXANDER SANCHEZ, KENOSHA COUNTY, MATTHEW P. LOVELESS, ANDREW M. SCHROEDER, JEREMY P. HUNT, VILLAGE OF ROTHSCHILD, NEIL W. PAULSEN, and JAMES J. CAMPBELL,

Defendants.[1]

---

Representing himself, plaintiff Ryan William Milbeck filed an amended civil rights complaint under 42 U.S.C. § 1983 and arising out of his arrest by detectives and police officers employed by the Village of Rothschild and Kenosha County, Wisconsin. (Dkt. #10.) The Rothschild Defendants and the Kenosha Defendants responded with separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which this court granted. (Dkt. #39.) The Court of Appeals for the Seventh Circuit affirmed the dismissal order in part and remanded in part as to the following, remaining claims for further proceedings: (Claim 1) defendants Kenosha County Detective Allison George, Sergeant Alexander Sanchez, Detective Neil W. Paulsen, and Sergeant James J. Campbell arrested plaintiff in his home without a valid warrant; (Claim 2) defendants Rothschild Police Officers Matthew P. Loveless and Andrew M. Schroeder unlawfully entered plaintiff's residence to effect his arrest without a valid warrant, his consent, or exigent circumstances; (Claim 7) defendant Rothschild Police Chief Jeremy P.

[1] The court has revised the caption to remove defendant Margaret M. Drees, as she is not mentioned in connection with any of the remanded claims. (Dkt. #10.)

Hunt erroneously advised the arresting officers that a valid warrant had been issued, when in fact there was only a temporary felony "want"; and (Claim 9) defendants the Village of Rothschild and Kenosha County failed to train their police officers on the legal difference between a temporary felony "want" and a valid warrant. (Dkt. #48-1.)

The Seventh Circuit's mandate was issued on April 21, 2026, and the parties appeared for a pretrial scheduling conference before Magistrate Judge Boor in this court on May 29, 2026. (Dkts. #48, #52.) Now pending before the court are the following motions: (1) plaintiff's motion for entry of default based on defendants' failure to file an answer following remand (dkt. #53); (2) plaintiff's motion to strike as untimely the answer subsequently filed by defendants on June 1, 2026 (dkt #57); (3) defendants' motion to extend the time to answer (dkt. #60); and (4) plaintiff's motion to strike two of defendants' affirmative defenses (dkt. #64). For reasons explained below, defendants' motion for an extension of time will be granted and all of plaintiff's motions will be denied.

To begin, plaintiff seeks entry of default under Fed. R. Civ. P. 55(a), asserting that Fed. R. Civ. P. 12(a)(4)(A) required defendants' answer to be filed within 14 days of the Seventh Circuit's April 21 mandate, but it was not filed until June 1. (Dkt. #57, at 1-2.) Plaintiff's argument fails for two reasons. First, Rule 12(a)(4)(A) provides that an answer is due 14 days after a *district court* denies a motion to dismiss, but is silent as to the effect of entry by the court of appeals of a mandate reversing the dismissal and remanding some but not all claims dismissed by a district court. Second, an entry of default under Rule 55(a) "is reserved for instances in which a party has failed to plead or otherwise defend." *Summers v. Colvin*, No. 12-cv-22-wmc, 2013 WL 3830047, at *1 (W.D. Wis. July 23, 2013). Defendants have been litigating this case diligently since being served in 2024, and have not failed to plead or defend

against plaintiff's remaining claims. Likewise, defendants filed their answer promptly after discovering it was due and within one day of plaintiff moving for entry of default.[2] (Dkt. #56.) Finally, defendants explain that any failure to file an answer sooner was due to inadvertence given the procedural posture of the case, while arguing further that plaintiff has not been prejudiced by the delay.

Even if defendants are technically in default, the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. Of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (describing a default judgment under Rule 55(a) as a "weapon of last resort, appropriate only when a party willfully disregards pending litigation"). Furthermore, under Fed. R. Civ. P. 6(b)(1)(B), the court may, for good cause, extend the time for completing an act "if the party failed to act because of excusable neglect." The term "excusable neglect" as used in Rule 6(b) is a flexible concept that encompasses late filings caused by inadvertence, mistake or carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 389 (1993). In deciding whether a particular neglect is "excusable," the court must consider all the relevant circumstances surrounding the omission, including the length and reason for the delay, its potential impact on judicial proceedings, whether the movant acted in good faith and the danger of prejudice to other parties. *Id*. at 395.

Having considered the circumstances here, the delay in filing an answer until after the Seventh Circuit issued its mandate has had *no* impact on the judicial proceedings and plaintiff has wholly failed to show *any* actual prejudice. Accordingly, plaintiff's motion for entry of default will be denied and defendants' motion for an extension of time to answer will be granted

[2] The lack of an answer was not raised by plaintiff or addressed by the court at the May 29 pretrial scheduling conference. (Dkt. #61, at 2 n.1.) As a result, no answer deadline was included in the pretrial conference order. (Dkt. #52.)

for good cause shown under Rule 6(b). For the same reasons, plaintiff's motion to strike defendants' answer as untimely will be similarly denied.

Plaintiff also moves to strike two of defendants' affirmative defenses. (Dkts. ##64-65.) Specifically, defendants have asserted qualified immunity from his suit for damages, and they further assert that plaintiff's claim for municipal liability is subject to dismissal under *Monell v. Department of Social Services*, 436 U.S. 658, 91-94 (1978), which requires a plaintiff to show that municipal action was the "moving force" behind the alleged constitutional deprivation. (Dkt. #56, at 16 ¶¶ 6-7.) Plaintiff appears to argue that these defenses contravene the Civil Rights Act of 1871 and are unconstitutional.[3] (Dkt. #65.)

Under Fed. R. Civ. P. 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Even so, motions to strike are generally disfavored and "will not be granted unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted). Affirmative defenses should be stricken "only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

[3] Plaintiff also filed a notice asking the court to certify his question about the constitutionality of defendants' affirmative defenses based on qualified immunity and *Monell* to the Attorney General of the United States under Federal Rule of Civil Procedure 5.1(a). (Dkt. #63.) By its express terms, however, Rule 5.1(a) applies when a party calls "into question the constitutionality of a federal or state *statute*." Fed. R. Civ. P. 5.1(a) (emphasis added). Because both *Monell* and the doctrine of qualified immunity stem from well-established Supreme Court precedent, repeatedly affirmed in actions such as this one filed under 42 U.S.C. § 1983, plaintiff does not show that Rule 5.1(a) applies. As a result, the court declines to certify the question posed by plaintiff, whether to the U.S. Attorney General under Rule 5.1(a) *or* to the Seventh Circuit for an interlocutory appeal under 28 U.S.C. § 1292(b) as alternatively requested by plaintiff.

Plaintiff does not argue that the challenged affirmative defenses are insufficiently asserted, invalid or immaterial. Indeed, defendants' affirmative defenses plausibly relate to plaintiff's claims, and are sufficient to provide plaintiff with notice of the nature of those defenses, which is all that is required under Fed. R. Civ. P. 8. Of course, it is too soon to tell whether the defenses are meritorious, as they likely will depend on facts that will need to be fleshed out during discovery or even trial. Because neither of the challenged affirmative defenses is plainly unworthy of consideration, plaintiff's motion to strike will be denied without prejudice to plaintiff still challenging these defenses at summary judgment, trial, or in the case of qualified immunity even after trial.

ORDER

IT IS ORDERED THAT:

1) Plaintiff Ryan William Milbeck's motion for entry of default (dkt. #53) is DENIED.

2) Plaintiff's motion to strike defendants' answer as untimely (dkt #57) is DENIED.

3) Defendants' motion to extend their time to answer (dkt. #60) is GRANTED.

4) Plaintiff's motion to strike affirmative defenses (dkt. #64) is DENIED.

Entered this 22nd day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge